```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                Criminal Action No. 2:14-cr-00003

**ROBERT L. BARCLIFF**


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant Robert L. Barcliff's, <u>pro se</u>, motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed on October 3, 2022.  ECF 66.[1]

On January 14, 2014, Mr. Barcliff was charged by information of one count of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 (count I) and one count of the use, carrying, and brandishing of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count II).  ECF 1.  The defendant, on January

---

[1] The court notes a letter to the sentencing judge, filed December 14, 2022, (ECF 67) and exhibits filed March 13, 2023, (ECF 69) have been filed by Mr. Barcliff in support of his motion.

29, 2014, pled guilty to both charges contained in the information. ECF 8-9.

According to the presentence investigation report, Mr. Barcliff and others "were involved in a conspiracy to commit armed 'home invasion' robberies of people they believed to be drug dealers in order to steal drugs, U.S. currency, and firearms." ECF 23 at ¶ 50. The defendant received a two-level enhancement for his leadership role in the offense. ECF 28 at 1. Under the "Offense Conduct" heading, the probation office re-counted 16 robberies or attempted robberies Mr. Barcliff was involved in. See ECF 23 at ¶¶ 61-162. The defendant also received a two-level enhancement for obstruction of justice for conduct in which he engaged prior to and after his arrest and he was denied credit for acceptance of responsibility. ECF 23 at ¶¶ 209, 212. But the sentencing judge did reduce his total offense level by three levels based on a motion for substantial assistance. ECF 28 at 2.

At his sentencing, on February 9, 2015, Judge Johnston thus found Mr. Barcliff's total offense level for count I to be 31 with a criminal history of I yielding a guideline range of 108 to 135 months. ECF 30 at 35. As to count II, under § 924(c) the mandatory minimum statutory term of imprisonment was seven years to be served consecutively to any other term of

imprisonment. See ECF 30 at 45. The court then sentenced the defendant to a total of 192 months imprisonment (108 months as to count I consecutive to 84 months as to count II). ECF 27.

On June 23, 2016, Mr. Barcliff, through representation by the Federal Public Defender, filed an "Emergency Motion to Correct Sentence under 28 U.S.C. § 2255." ECF 33. Mr. Barcliff through counsel, also filed two supplemental motions to vacate his sentence pursuant to § 2255. See ECF 37, 44. On August 29, 2019, the court entered an order adopting the proposed findings and recommendations of the magistrate judge and denied the defendant's § 2255 motion. See ECF 52.

Mr. Barcliff then filed on August 24, 2021, a pro se "Motion for Reduction of Sentence" (ECF 56), which the magistrate judge construed as a compassionate release motion being brought pursuant to 18 U.S.C. § 3582(c) and alternatively considered the defendant's motion as seeking relief under 28 U.S.C. §§ 2255 or 2241. See ECF 62. On June 6, 2022, the court entered an order adopting the proposed findings and recommendations of the magistrate judge and denied the defendant's motion. See ECF 63.

Filed four months later and currently before the court is the defendant's "Motion for Compassionate Release Pursuant to

3

18 U.S.C. 3582(c)(1)(A)(i) As Amended by the First Step Act of 2018." ECF 66.

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence. 18 U.S.C. § 3582(c). In December 2018, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances. First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[2] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has noted that at the current time there are no "applicable policy statements issued by the Sentencing Commission." See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). Accordingly, the court is not limited

---

[2] The record reflects that Mr. Barcliff requested compassionate release from the warden of his prison facility. See ECF 66-1; ECF 69 at 34.

4

by an enumerated list of reasons that warrant relief and "enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021), cert. denied, 142 S. Ct. 383 (2021); but see United States v. Ferguson, 55 F.4th 262 (4th Cir. 2022) (finding a defendant cannot challenge the validity of his conviction or sentence through a motion for compassionate release). However, rehabilitation may not on its own, serve as a basis for compassionate release. McCoy, 981 F.3d at 286, n. 9; United States v. Davis, No. 21-6960, 2022 WL 127900 (4th Cir. Jan. 13, 2022); 28 U.S.C. § 944(t).

Mr. Barcliff's motion advances three grounds in support of his request for compassionate release. First, he argues all six of the factors listed in § 3553(a), support granting compassionate release. ECF 66 at 2-3. Next, he claims his obesity (which he reports as 235 pounds and 5' 8" height) and associated "risk for COVID-19 complications" (which he reports as having contracted in 2020 and July 2022) provide a "compelling case for relief." Id. at 3. Finally, Mr. Barcliff asserts a "reduction in his sentence is warranted due to his behavior and accomplishments while being incarcerated," which he reports as including 5,000 hours of completed BOP programs. Id. at 3-4.

The court finds Mr. Barcliff has failed to identify "extraordinary and compelling" reasons to grant compassionate release. With regard to his claim that compassionate release is warranted due to the COVID-19 pandemic and his risk of contracting complications, courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical conditions increases that individual's risk of experiencing a serious or even fatal, case of COVID-19.").

Even if the court were to conclude that Mr. Barcliff's obesity may increase his risk of experiencing serious illness should he contract COVID-19, the court finds he has failed to establish that he now has a particularized risk of contracting COVID-19 at his prison facility. As of April 21, 2023, the Bureau of Prisons reports that there is a total of 0 confirmed open cases of COVID-19 amongst the inmates at USP Victorville,

and 0 confirmed open cases amongst the staff.  BOP COVID-19 Statistics, BOP, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited April 21, 2023).  Given these numbers the court finds Mr. Barcliff has failed to establish extraordinary and compelling reasons that warrant compassionate release based on concerns arising from the COVID-19 pandemic.

Mr. Barcliff also asserts compassionate release is warranted based on his behavior while incarcerated.  While the court takes note of Mr. Barcliff's rehabilitation efforts while incarcerated, rehabilitation alone may not serve as a basis for compassionate release.  McCoy, 981 F.3d at 286, n. 9; Davis, No. 21-6960, 2022 WL 127900; 28 U.S.C. § 944(t).  Accordingly, the court finds the generally commendable conduct reported by him while incarcerated does not constitute extraordinary and compelling reasons which warrant compassionate release.

Because the court finds that release is not warranted under § 3582(c), it need not address whether release would be consistent with the factors set forth in § 3553(a).

In light of the foregoing, the court DENIES Mr. Barcliff's motion for compassionate release.

7

The Clerk is directed to transmit copies of this order to the defendant, all counsel of record, the United States Probation Office, the United States Marshal, and to the Federal Bureau of Prisons.

ENTER: April 24, 2023

_____
John T. Copenhaver, Jr.
Senior United States District Judge