```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                Criminal Action No. 2:14-cr-00003

**ROBERT L. BARCLIFF**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant Robert L. Barcliff's, <u>pro</u> <u>se</u>, motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed on March 27, 2024. ECF 71.

I. Factual Background

On January 14, 2014, Mr. Barcliff was charged by information of one count of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 (count I) and one count of the use, carrying, and brandishing of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count II). ECF 1. On January 29, 2014, he pled guilty to both charges contained in the information. ECF 8-9.

According to the presentence investigation report, Mr. Barcliff and others "were involved in a conspiracy to commit armed 'home invasion' robberies of people they believed to be drug dealers in order to steal drugs, U.S. currency, and firearms." ECF 23 at ¶ 50. The defendant received a two-level enhancement for his leadership role in the offense. ECF 28 at 1. Under the "Offense Conduct" heading, the probation office re-counted 16 robberies or attempted robberies in which Mr. Barcliff was involved. See ECF 23 at ¶¶ 61-162. The defendant also received a two-level enhancement for obstruction of justice for conduct in which he engaged prior to and after his arrest and he was denied credit for acceptance of responsibility. ECF 23 at ¶¶ 209, 212. But the sentencing judge did reduce his total offense level by three levels based on a motion for substantial assistance. ECF 28 at 2.

At his sentencing, on February 9, 2015, Judge Thomas E. Johnston thus found Mr. Barcliff's total offense level for count I to be 31 with a criminal history of I, based on one criminal history point for the state offense of assault, yielding a guideline range of 108 to 135 months. ECF 30 at 35. As to count II, under § 924(c) the mandatory minimum statutory term of imprisonment was seven years to be served consecutively to any other term of imprisonment. See ECF 30 at 45. The court

then sentenced the defendant to a total of 192 months imprisonment (108 months as to count I consecutive to 84 months as to count II). ECF 27.

On June 23, 2016, Mr. Barcliff, through representation by the Federal Public Defender, filed an "Emergency Motion to Correct Sentence under 28 U.S.C. § 2255." ECF 33. Mr. Barcliff through counsel, also filed two supplemental motions to vacate his sentence pursuant to § 2255. See ECF 37, 44. On August 29, 2019, this court entered an order adopting the proposed findings and recommendations of the magistrate judge and denied the defendant's § 2255 motion. See ECF 52.

Mr. Barcliff then filed on August 24, 2021, a pro se "Motion for Reduction of Sentence" (ECF 56), which the magistrate judge construed as a compassionate release motion being brought pursuant to 18 U.S.C. § 3582(c) and alternatively considered the defendant's motion as seeking relief under 28 U.S.C. §§ 2255 or 2241. See ECF 62. On June 6, 2022, the court entered an order adopting the proposed findings and recommendations of the magistrate judge and denied the defendant's motion. See ECF 63.

On October 3, 2022, Mr. Barcliff filed a "Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) as Amended by the First Step Act of 2018." ECF 66. In support of

his motion, Mr. Barcliff filed a letter to the sentencing judge on December 14, 2022, (ECF 67) and exhibits to the motion on March 13, 2023 (ECF 69). On April 24, 2023, the court entered a memorandum opinion and order denying Mr. Barcliff's motion finding that release was not warranted under § 3582(c). ECF 70.

Mr. Barcliff filed the instant motion, a "Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)," on March 27, 2024. ECF 71. In support, he attaches to his motion a series of exhibits. ECF 71-1.

## II. Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence. 18 U.S.C. § 3582(c). In December 2018, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances. First Step Act of 2018, Pub. L. No. 115–391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[1] courts may reduce a

---

[1] The record reflects that Mr. Barcliff submitted a written request for compassionate release to the warden at FCI Florence on November 13, 2023. ECF 71-1 at 1. Mr. Barcliff states that

sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

"[T]he district court enjoys broad discretion in conducting a § 3582(c)(1)(A) analysis." United States v. Jenkins, 22 F.4th 162, 169 (4th Cir. 2021). However, "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).

The Policy Statement is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)." U.S.S.G. § 1B1.13. Amendments to the Policy Statement took effect on November 1, 2023, which made it expressly applicable to defendant-filed motions under § 3582(c)(1)(A).[2] A court must

---

he also submitted a request to the warden via e-mail but does not provide the date when it was submitted or a copy of the email in his exhibits to the motion. ECF 71 at 3.

[2] Prior to the amendments to the effective date of the Policy Statement, the Fourth Circuit held that "[b]y its plain terms, ... §1B1.13 [did] not apply to defendant-filed motions under

ensure that any sentence reduction "is consistent with" the Policy Statement's provisions.  18 U.S.C. § 3582(c)(1)(A).

The Policy Statement identifies six circumstances, individually or collectively, that constitute "extraordinary and compelling reasons" warranting a reduction in sentence.  These include: the defendant is suffering from a terminal illness or has another serious medical condition, § 1B1.13(b)(1); the age of the defendant, § 1B1.13(b)(2); the family circumstances of the defendant, § 1B1.13(b)(3); the defendant was a victim of abuse during his imprisonment, § 1B1.13(b)(4); the defendant received an unusually long sentence and has served at least 10 years of the imprisonment, § 1B1.13(b)(6); or for "any other circumstance or combination of circumstances that ... are similar in gravity" to the reasons in (1)-(4) (the "catchall" provision).  § 1B1.13(b)(5).

### III. Analysis

Mr. Barcliff's motion advances three grounds in support of his request for compassionate release.  He first

---

§ 3582(c)(1)(A)." United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020).  There was no "applicable policy statement governing compassionate-release motions filed by defendants under ... § 3582(c)(1)(A)." Id. at 284.  Consequently, courts "enjoy[ed] broad discretion in conducting" compassionate relief analysis and were not limited by an enumerated list of reasons that warrant relief. United States v. Kibble, 992 F.3d 326, 330-31 (4th Cir. 2021), cert. denied, 142 S. Ct. 383 (2021).

argues that family circumstances warrant compassionate release, that his "minor child is in need of a caregiver." ECF 71 at 7. Second, Mr. Barcliff maintains that the 2023 amendment to the Sentencing Guidelines would have the effect of lowering his guideline range. Id. at 9. Finally, Mr. Barcliff generally avers his efforts at rehabilitation warrant compassionate release. Id. at 13-14.

### A. Family Circumstances

United States Sentencing Guidelines ("Sentencing Guidelines") § 1B1.13 provides extraordinary and compelling reasons exist warranting a reduction in sentence through "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or medical condition." § 1B1.13(b)(3)(A).

Mr. Barcliff has not shown such reasons exist entitling him to compassionate release based on family circumstances. He fails to demonstrate that his daughter, who is at least 17 years of age and near age 18, is without a caregiver.[3] In his motion, Mr. Barcliff avers that his minor

---

[3] A November 10, 2022, Trulincs electronic message from defendant's daughter, states she is 16 years old at the time of the electronic message. Motion for Compassionate Release Exhibits A-I, ECF 71-1 at 6.

child's primary caregiver, the child's maternal grandmother, died on February 27, 2023; that the child now stays with her aunt who was diagnosed with advanced "Kidney Disease", and the aunt is unable to care for herself or the child,[4] rendering her living environment unhealthy and unstable.  ECF 71 at 6.

Although Mr. Barcliff asserts that the child's aunt is incapacitated, he fails to provide the court with any evidence to carry his burden of establishing "extraordinary and compelling reasons" warranting a sentence reduction.  See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021) ("[T]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction."); United States v. Davis, 581 F.Supp.3d 759, 763 (E.D. Va. 2022).

Mr. Barcliff states in his motion that the child's aunt "is unwilling to submit statements from her health-care provider to substantiate her medical condition for [the court to] review...," but, he says, that her "ability to function as ... [the] minor child's caregiver has been and will be significantly impaired by her ongoing medical condition of kidney failure."  ECF 71 at 7.  The court notes that while medical records, if any were shown to exist, may be sufficient

---

[4] The defendant also states, without any evidence of support, that the child is moving from "couch to couch."  ECF 71 at 6.

8

to show some degree of kidney disease or failure, Mr. Barcliff has presented no evidence whatsoever to support his claim. Rather, it is his burden to demonstrate that the condition he asserts renders his minor child's caregiver incapacitated, and unable to care for the child.

In Exhibit B to his motion, Mr. Barcliff provides the court "screenshots," image captures of online content, of social media posts by a person named DaMoine Russell or Dominique Russell, one as of January 30, 2022. ECF 71-1 at 1-6. Mr. Barcliff fails to state the name of the current caregiver of his minor child or whether that person is one of the Russells. Further, the screenshots themselves provide no evidence of incapacitation.[5]

The court concludes that Mr. Barcliff has failed to show "extraordinary and compelling" circumstances warranting compassionate release.

---

[5] The screenshots include requests for prayers regarding upcoming medical appointments, and photos regarding organ donation. See ECF E71-1 at 4-5. While the screenshots may indicate that the person in question suffers from kidney disease or failure, the posts do not indicate that the person suffering from the affliction is incapacitated to the point of being unable to care for the minor child.

9

B. Changes to Sentencing Guidelines

Mr. Barcliff also seeks a reduction in the term of his imprisonment as a result of the 2023 amendments to the United States Sentencing Guidelines. Id. at 9. He states that the November 1, 2023, amendments to §§ 4A.1 and 4C1.1 of the Sentencing Guidelines "should have the effect of lowering his guideline range." Id.

United States Sentencing Guidelines § 1B1.10 gives the court discretion to reduce a defendant's term of imprisonment where the guideline range applicable to the defendant has subsequently been lowered because of an amendment to the Guidelines Manual. U.S.S.G. § 1B1.10(a)(1).

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points (additional criminal history points given for the fact of having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (excluding status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no

criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

Inasmuch as the defendant, when sentenced herein on February 9, 2015, was not assessed any status points (rather his Criminal History Category of I is based on one criminal history point for his prior state conviction of assault, and does not include any status points), and inasmuch as the defendant's one criminal history point indicates he is not a Zero-Point offender, the court concludes that Mr. Barcliff is not eligible for a reduction of sentence pursuant to Amendment 821 in Appendix C to the *Guidelines Manual*.

### C. Rehabilitation

Mr. Barcliff also seeks compassionate release based on his rehabilitation while incarcerated. ECF 71 at 12. He states that he has completed "thousands of hours of programming during his incarceration" which he contends "shows how serious he is about moving his life in the right direction..." Id. at 14.

"[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13; see also McCoy, 981 F.3d at 286, n. 9 (finding that rehabilitation alone may not serve as

11

a basis for compassionate); Davis, No. 21-6960, 2022 WL 127900; 28 U.S.C. § 944(t). While the court commends his efforts, it need not address whether release would be consistent with the factors set for in § 3553(a) inasmuch as the court finds that release is not warranted under § 3582(c),

IV. Conclusion

In light of the foregoing, the court DENIES Mr. Barcliff's motion for compassionate release.

The Clerk is directed to transmit copies of this order to the defendant, all counsel of record, the United States Probation Office, the United States Marshal, and to the Federal Bureau of Prisons.

ENTER: July 29, 2024

John T. Copenhaver, Jr.
Senior United States District Judge

12